UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELINDA A.,[1]

                                    Plaintiff,        Case # 20-cv-01588-FPG

v.                                                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.
_____

## INTRODUCTION

        On March 3, 2015, Melinda Sue A. ("Plaintiff") protectively applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"). Tr.[2] 296. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Paul Greenberg on June 5, 2017. Tr. 91. At the hearing, Plaintiff and a vocational expert appeared and testified. On July 6, 2017, the ALJ issued an unfavorable decision. Tr. 146. On September 12, 2018, the Appeals Council reviewed the ALJ's decision and remanded the matter for a new hearing. Tr. 161.

        On July 16, 2019, Administrative Law Judge Paul Georger (the "ALJ") held a new hearing. Tr. 49. On February 4, 2020, the ALJ issued a decision that found that Plaintiff was not disabled. Tr. 22. On October 5, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 7. On October 28, 2020, Plaintiff appealed to this Court.[3] ECF No. 1.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons below, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

## LEGAL STANDARD

### I.   District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.   Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative

substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 13, 2011, the alleged onset date. Tr. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine and epilepsy. Tr. 24. In addition, the ALJ found that Plaintiff has the following non-severe impairments: hyperlipidemia, migraine headaches, major depressive disorder, and anxiety. Tr. 25. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 28. Next, the ALJ determined that Plaintiff maintained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a), with specific limitations. The ALJ found that Plaintiff had certain exertional limitations including that she could never climb ramps, stairs, ladders, ropes, and scaffolds. Tr. 28. Plaintiff could never balance, kneel, crouch, or crawl, but could occasionally stoop. *Id*. In addition, the ALJ found Plaintiff could not be exposed to unprotected heights or with moving mechanical parts, and she could never operate a motor vehicle. *Id*. The ALJ also found Plaintiff required a sit/stand option that allowed her to change positions every 15 minutes. *Id*.

At steps four and five, the ALJ concluded there were jobs that existed in the national economy that Plaintiff could perform, including, for example, information clerk, telephone solicitor, and "dispatch, service." Tr. 39. As such, the ALJ found that Plaintiff was not disabled

from his alleged onset date, December 13, 2011, through the date of the ALJ's decision, February 4, 2020.

**II.     Analysis**

Plaintiff argues that (i) the ALJ failed to comply with the Appeals Council's remand order in his evaluation of Plaintiff's migraine headaches; and (ii) the ALJ's RFC was based on his own lay opinion and not supported by substantial evidence.  The Court disagrees.

### A.  The ALJ's Evaluation of Plaintiff's Migraine Headaches

Plaintiff argues that the ALJ failed to comply with the Appeals Council's remand order in his evaluation of Plaintiff's migraine headaches, in that the ALJ failed to properly evaluate "the severity of the claimant's neurologic impairments, specifically migraines, at step two and determine to what extent it limits the claimant's ability to perform basic work activities" in accordance with 20 C.F.R. 404.1521 and 416.921.  ECF No. 11-1 at 11.  Plaintiff argues that her headaches are severe enough to warrant a more restrictive RFC and that the ALJ incorrectly weighed the record evidence in his determination that her headaches were non-severe.  The Court is not persuaded.

"It is the ALJ's job to resolve conflicting record evidence," and the Court "must defer to that resolution." *Dyana G. o/b/o J.A.G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021).  As a result, "under the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position." *Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018).  A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; she must "articulate how the ALJ's

[contrary] finding […] was erroneous." *Piotrowski v. Comm'r of Social Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019).

Here, contrary to Plaintiff's argument, the ALJ relied upon sufficient record evidence to conclude that Plaintiff's headaches did not cause significant functional limitations on a daily basis and were non-severe. While records from Dr. Kenneth Murray, M.D., a neurologist, showed that Plaintiff had reported and was treated for migraines since 2012, Tr. 25, record evidence and objective examination findings showed that Plaintiff "consistently reported that she [took] ibuprofen for her headaches with adequate relief." *Id*. Such evidence, the ALJ held, did "not support a conclusion that [Plaintiff's] migraine headaches significantly impact[ed] her abilities to perform basic work activities." Tr. 25. The ALJ cited reports from Dr. Murray that reflected that ibuprofen was "effective for [Plaintiff's] headaches/migraines" as well as underlying medical treatment records. Tr. 37; *see also* Tr. 690 ("[Plaintiff] has occasional migraine headaches for which she takes ibuprofen with good relief and she is satisfied with the response to that medication at 800 mg per dose."). In reaching his conclusion that Plaintiff's migraine headaches were "non-severe," the ALJ relied upon this evidence, as well as reports that showed Plaintiff's "migraine headaches were adequately managed with ibuprofen[,]" Tr. 827, that Plaintiff experienced no "significant change in her migraine headaches which are adequately managed with Ibuprofen[,]" Tr. 891, and that Plaintiff is "not dissatisfied with the response to ibuprofen[,]" Tr. 670. The reports regularly reflected that ibuprofen provided "fairly good relief." Tr. 727.

In short, the ALJ reasonably relied upon such evidence to reject Plaintiff's subjective complaints about her migraine headaches and conclude that Plaintiff's impairment was "non-severe." *See* 20 C.F.R. § 404.1529(c)(2), (3). Because the ALJ reasonably rejected Plaintiff's claims about the severity of her headaches, the ALJ could reasonably reject any medical opinions

5

premised on those claims. *See, e.g., Cheryl A. v. Comm'r of Soc. Sec.*, No. 19-CV-1438, 2021 WL 1022442, at *3 (W.D.N.Y. Mar. 17, 2021); *Davis v. Comm'r of Soc. Sec.*, No. 16-CV-1074, 2017 WL 7049560, at *5 (N.D.N.Y. Nov. 20, 2017). The mere fact that other evidence could support a different conclusion is not sufficient to warrant remand. *See Gonzalez-Cruz*, 294 F. Supp. 3d at 187. Rather, this Court must defer to the Commissioner's resolution of evidence where, as here, "that resolution is supported by substantial evidence." *Marc C. v. Comm'r of Social Sec.*, No. 17-CV-1096, 2018 WL 6830839, at *8 (N.D.N.Y. Dec. 27, 2018). Accordingly, remand on the basis that the ALJ erred in his evaluation of Plaintiff's migraine headaches is not appropriate. This aspect of Plaintiff's motion is denied.

### B. The ALJ's RFC Determination

Plaintiff next argues that the ALJ's RFC determination was based upon his lay opinion and not supported by substantial evidence. Plaintiff specifically objects to the ALJ's determination that she "requires a sit/stand option that allows her to change positions every fifteen minutes" and argues that this determination was not supported by a medical opinion of record. ECF No. 11-1 at 15. The Court concludes that, even if the ALJ erred as to the "sit/stand option," Plaintiff fails to show prejudice that warrants remand.

At her hearing, Plaintiff testified that she "cannot [] sit for long periods." Tr. 29. Plaintiff testified that she has pain in her back, legs, and feet that "is worse with […] sitting a long period of time, standing, and walking a long distance." *Id*. Plaintiff testified that she "can sit for 20 minutes" and can "stand for 15 minutes if she can lean against something." Tr. 30. In his decision, the ALJ found that Plaintiff required a "sit/stand option that allows her to change positions every fifteen minutes." Tr. 28. The ALJ did not explicitly state why he arrived at that (more generous) duration instead of Plaintiff's estimate, but the Commissioner suggests that the ALJ's chosen

6

duration may be reasonably inferred from Plaintiff's daily activities and medical examination findings.  That is, Plaintiff estimated that she "could walk half a mile before needing to rest for five minutes [,]" Tr. 362, could ride in motor vehicles, Tr. 357, dine at restaurants, Tr. 360, and attend sporting events, Tr. 360, amongst other activities that required extended sitting.  In addition, Plaintiff's medical examination findings consistently reflected normal gait, normal strength in the lower extremities, and negative straight leg raising test results.  Tr. 27.  This evidence, coupled with Plaintiff's hearing testimony, may explain how the ALJ arrived at a fifteen minute sit/stand option, but the absence of a "discernible rationale" raises "the specter that the ALJ arbitrarily selected the duration or interpreted the medical evidence based on his own lay judgment." *MaryAnne V. v. Comm'r of Soc. Sec.*, No. 20-CV-412, 2021 WL 3560584, at *3 (W.D.N.Y. Aug. 12, 2021) (internal brackets and quotation marks omitted); s*ee also id*. at *2 ("[W]here an ALJ includes a highly specific durational limitation, he must have an evidentiary basis for the chosen duration.").

     Still, even if the ALJ's inclusion of this limitation was erroneous, Plaintiff fails to demonstrate prejudice warranting remand.  Remand is not warranted on the basis that the ALJ partially credited Plaintiff's need for a sit/stand option in formulating an RFC, despite the lack of evidence or medical opinion to support it.  "The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Theresa G. v. Saul*, No. 20-CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted); *see also Colleen K. v. Comm'r of Soc. Sec.*, No. 19-CV-1124, 2021 WL 117994, at *4 (W.D.N.Y. Jan. 13, 2021); *Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *5

(W.D.N.Y. Jan. 6, 2022). Because Plaintiff fails to show prejudice from the ALJ's inclusion of a sit/stand option more restrictive than may have been supported by medical evidence of record, remand is not appropriate. This aspect of Plaintiff's motion is accordingly denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 12, is GRANTED, and the ALJ's decision is AFFIRMED. Plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 20, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York